Daniel J. O’Mara, J.
Under date of March 5, 1964 the plaintiff in the above-entitled action made an offer to purchase of the defendants a house and lot located at 109 West Elm Street in the Village of East Bochester, Hew York, for $12,500. The defendants accepted the said offer, and title and possession was to be given on September 18, 1964. The transfer of title and possession has not been completed due to the fact that the defendants were unable to give possession because of the failure of a tenant to remove from the premises. It appears from the moving papers that the tenant has now removed from the premises, and it appears further from the said papers that the plaintiff and the defendants are now ready, able and willing to consummate the sales contract.
It appears from the moving papers that both parties are claiming damages because of the delay in the transfer of title and possession of the premises in question, and that apparently has been the stumbling block in connection with the transfer of title and possession of the premises in question. In view of the fact that both parties to the realty sales contract are presently ready, able and willing to perform the terms of the sales contract, plaintiff’s motion for summary judgment is hereby granted to the extent of transferring title and possession of the property in question pursuant to the terms of the sales contract.
With the thought of expediting the transfer of title and possession of the premises in question, the parties are directed to appear for the purposes of perfecting title and possession at *452 the Monroe County Clerk’s office at 2:00 p.m. on the afternoon of November 25, 1964 or at such other time during the said week which may be more convenient for the parties and their attorneys.
For the protection of both parties to this action, the cash payment that will be made by the plaintiff to the defendants at the time of transfer will be placed in a bank escrow account and will remain in said account until such time as the question of claimed damages is determined.
It appearing that the only triable issue of fact has to do with possible damages sustained by either or both of the parties to the sales contract, the said issue is directed to be determined as the result of a trial which is directed to be had without delay.
The procedure herein directed is authorized pursuant to the provisions of CPLR 3212. Submit order accordingly, without costs.